NEW ENGLAND TREE EXPERT CO., INC. *vs.* UNITED ELECTRIC RAILWAYS CO.

DECEMBER 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence. The trial in the Superior Court resulted in a verdict for the plaintiff for $168.85, and the case is here on the defendant's exception to the refusal of the trial justice to direct a verdict for the defendant.

As the defendant's one-man trolley car was proceeding at a speed of from two to five miles per hour in an easterly direction on a down grade on Warren avenue in East Providence, the operator opened the front door and a passenger, at a point midway between white poles, stepped from the car while it was in motion. At the same time the operator of the plaintiff's truck, which was proceeding in the same direction as the car, attempted to pass the car on the right-hand side thereof. There is a dispute as to whether the passenger stepped to the street directly in front of the truck or stepped upon the running board thereof. To avoid seriously injuring said passenger, the operator of the truck turned it sharply to the right and collided with a pole, causing damage to the truck. The suit was brought to recover for this damage.

The plaintiff in its declaration states the negligence relied upon to be as follows: that the motorman "so carelessly and negligently operated said street car in this, that it opened the door of said street car while said street car was in motion, and allowed a passenger thereon to jump from said street car into the street in front of the plaintiff's automobile truck whereupon the plaintiff was forced to drive said automobile truck off the road in order to avoid running over said passenger, and in so doing it ran into a telegraph post, greatly damaging plaintiff's said automobile truck."

In the absence of knowledge to the contrary, a person ordinarily has the right to assume that other persons will exercise reasonable care in the circumstances. There is nothing in the record to indicate that the motorman should have anticipated that the passenger would step from a trolley car directly in front of or upon a rapidly moving truck. It is not probable that an ordinary person would commit such a reckless act.

In *Prue* v. *The Goodrich Oil Co.*, 49 R. I. at 123, we said: "One is bound to anticipate and provide against what usually happens or is likely to happen, but one is not bound to provide against what is unusual and unlikely to happen or events which are only remote or slightly probable. The question is not whether defendant would have foreseen that damage by fire was a possible consequence. The defendant was only bound to foresee that which is probable, that is, what, according to the usual experience of mankind, is likely to happen." See also *Kemplin* v. *H. W. Golden & Son, Inc.*, 52 R. I. 89; *Smith* v. *Pejepscot Paper Co.*, 46 Fed. (2d) 469; *Stone* v. *Boston & Albany Railroad*, 171 Mass. 536; 32 Cyc. 745.

Even if the motorman was negligent in opening the door— and this is by no means clear—his conduct was not the proximate cause of the damage to the plaintiff's truck. *Prue* v. *The Goodrich Oil Co.*, supra; *Kelly* v. *Davis*, 48 R. I. 94; *Nelson* v. *Narragansett Electric Lighting Co.*, 26 R. I. 258; *Smith* v. *The Naushon Co.*, 26 R. I. 578; *Edwards* v. *Brayton*, 25 R. I. 597; *McGough* v. *Bates*, 21 R. I. 213; *Afflick* v. *Bates*, 21 R. I. 281; *O'Neil* v. *Bates*, 20 R. I. 793; *Mahogany* v. *Ward*, 16 R. I. 479.

The defendant's exception is sustained.

The plaintiff may, if it shall see fit, appear on the eighteenth day of December, 1933, and show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Edward W. Lincoln*, for plaintiff.

*Clifford Whipple, Frank J. McGee*, for defendant.